UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT CURTISS WALKER, ) | Case No.: 1:20 CV 0045 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| NORTHERN DISTRICT COURT ) | MEMORANDUM OF OPINION |
| OF OHIO, *et al.,* ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Robert Curtiss Walker filed this Mandamus action in the Ohio Supreme Court against the United States District Court for the Northern District of Ohio Office of the Clerk, and United States Magistrate Judge Jonathan D. Greenberg. In the Mandamus action, Plaintiff objected to an Order of Magistrate Judge Greenberg in Case No. 1:19 CV 2559 ordering him to correct the filing fee deficiency in that case. He asked the Ohio Supreme Court to waive the filing fee in Case No. 1:19 CV 2559 and order United States Magistrate Judge Greenberg to honor that fee waiver. The United States removed the action to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(a)(3).

Plaintiff is a prisoner incarcerated in the North Central Correctional Institution. He filed Case No. 1:19 CV 2559 pursuant 42 U.S.C. § 1983 challenging the constitutionality of his conviction in the Cuyahoga County Court of Common Pleas. (ECF No. 1). Plaintiff neither paid

the filing fee nor filed a proper Application to Proceed *In Forma Pauperis*. Instead, he filed an Affidavit averring that it is against public policy to order him to pay the filing fee of $400.00. (ECF No. 2). On November 8, 2019, Magistrate Judge Greenberg issued an Order requiring Plaintiff to correct the deficiency by either paying the filing fee of $400.00, or completing and filing the Application to Proceed *In Forma Pauperis* attached to the Order, including a certified prisoner account statement, within thirty days. (ECF No. 5). The deficiency Order warned Plaintiff that failure to fully and timely comply may result in dismissal of that action without further notice. (*Id.*). Rather than comply with the Order, Plaintiff responded that the Court cannot lawfully require him to comply and he has a due process right to access to the courts. (ECF No. 6). On December 10, 2019, this undersigned District Court Judge dismissed the action without prejudice for failing to comply with the deficiency Order. (ECF No. 8). Plaintiff filed this Mandamus action in the Ohio Supreme Court on December 18, 2019.

Under 28 U.S.C. § 1651 (All Writs Act) federal courts may issue all Writs in aid of their respective jurisdictions, including Writs of Mandamus. *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). A Writ of Mandamus is an extraordinary remedy, and is intended to provide a remedy only if the Plaintiff has exhausted all other avenues of relief and the Defendant owes the Plaintiff a clear nondiscretionary duty. *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991)(citing *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984)). For the reasons set forth below, Plaintiff is not entitled to mandamus relief. *See* 28 U.S.C. § 1361.

As an initial matter, the Defendant does not have a clear, nondiscretionary duty to waive the filing fee for the Plaintiff. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991);

*Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). The Court can deny pauper status to any litigant who does not adequately demonstrate that he or she meets the criteria of poverty. Furthermore, Plaintiff is a prisoner and under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (b), prisoners are not entitled to a waiver of fees and costs for civil rights actions. *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)). Instead, when a prisoner is granted pauper status he or she must still pay the entire filing fee but is permitted to do so in installments as calculated by the statute. 28 U.S.C. § 1915(b). The only issue is whether the prisoner pays the entire fee at the initiation of the action or over a period of time under an installment plan. Furthermore, the Sixth Circuit has held that the fee requirements of the PLRA do not deprive prisoners their right to access the courts, nor do they deprive the prisoner his right to freedom of expression, equal protection, procedural or substantive due process, or double jeopardy." *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997)); .*McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *2 (E.D. Mich. May 16, 2013). This Court had no duty to Plaintiff to waive the filing fee.

Moreover, Plaintiff did not exhaust all other avenues of relief prior to seeking a Writ of Mandamus. This District Judge dismissed Plaintiff's case for failing to correct the filing fee deficiency. If Plaintiff believed this Court's decision was a clear error of law, he could have pursued an appeal with the United States Sixth Circuit Court of Appeals. He is not entitled to Mandamus relief.

**Conclusion**

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 31, 2020

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.